IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | |
|---|---|
| MICHAEL DUANE JUSTICE, *PRO SE*, § <br> TDCJ-CID #796461 § <br>  § <br> Plaintiff, § <br>  § <br> v. § <br>  § <br> DENNIS BURTEN[1] ET AL., § <br>  § <br>  § <br> Defendants. § | 2:04-CV-0102 <br> CONSOLIDATED WITH CIVIL <br> ACTION CAUSE NO. 2:04-CV-0151 <br> CONSOLIDATED WITH CIVIL <br> ACTION CAUSE NO. 2:04-CV-0152 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff MICHAEL DUANE JUSTICE, acting *pro se* and while a prisoner incarcerated in the Hutchinson County Jail, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants. Plaintiff paid the filing fee and is not proceeding *in forma pauperis*.

On April 7, 2005, plaintiff was ordered to serve the defendants within one-hundred twenty days of the Order and was informed of the provisions of Rule 4(m), Federal Rules of Civil Procedure, requiring service within one-hundred twenty days of filing or within a specified time as directed by the Court. Although plaintiff attempted to serve defendants, it appears such service was defective, and only defendants KING and LIGHT have filed answers.

---

[1] Plaintiff is inconsistent in his spelling of this name, also spelling it "BURTON."

**PLAINTIFF'S COMPLAINT**

Plaintiff claims that, on July 27, 2003, defendant HOLLIS attacked him by pulling out two knives and chasing him down the highway at night, threatening to kill him. Plaintiff states he was rescued by a passing motorist and filed a complaint with officials but no charges were ever filed on HOLLIS by the Borger Police Department or by the Hutchinson County Sheriff's Department. Plaintiff says this inaction occurred despite statements by himself and a witness given to defendant KING, a Sheriff's Department Deputy, as well as numerous tape recorded threats from HOLLIS which had already been turned over to defendant BURTEN, a Sergeant Detective of the Borger City Police Department.

Plaintiff also complains that, on August 4, 2003, defendant GARY HOLLIS "ramed [sic] the back of [plaintiff's] pickup trying to run [plaintiff] off the road" while talking to plaintiff on the cellphone and threatening to kill him. Plaintiff says defendant FIELDS, a Borger City patrol officer, was the investigating officer and gave each man a ticket: plaintiff, for parking in the roadway; HOLLIS, for following too closely. Plaintiff alleges defendant FIELDS lied under oath at the trial on plaintiff's ticket, saying he wasn't aware of any ongoing conflict between HOLLIS and plaintiff. Plaintiff complains this resulted in a guilty determination on the traffic ticket, cancellation of his insurance; and liability for payment of the traffic fine. Plaintiff alleges defendant FIELDS knew HOLLIS had been making threats to kill plaintiff. Plaintiff claims defendant FIELDS,"committed official misconduct, negligence and disregard to his dutys [sic] as a public servent [sic] by failing to exercise reasonable care in allowing the attacks to happen."

2

Plaintiff asserts the same claims against defendant KING based on the July 27, 2003 incident.

Plaintiff further complains he was attacked in September of 2003 or on July 9, 2003[2] by defendant JIMMY LIGHT and struck three times with a baseball bat and once with a rock, injuring both his arms and his left leg. Plaintiff says defendant LIGHT was never arrested or charged despite statements by himself and an eyewitness.

Plaintiff complains that he was attacked by JIMMY LIGHT again in October of 2003, at which time LIGHT gouged out plaintiff's right eye with a crescent wrench. Again, defendant AKINS was the investigating officer and, despite statements by plaintiff and witnesses, no arrests were made or charges brought.

Plaintiff contends defendant BURTEN knew, on both occasions, that an unreasonable risk of harm could occur but did not act to prevent it. Plaintiff argues BURTEN thereby directly participated in the wrong. Plaintiff alleges defendant BURTEN is the "L.T. Detective of the City of Borger Police Dept." and committed "official misconduct, negligence and disregard to his dutys as a public servent by failing to exercise reasonable care in allowing the attacks to happen [sic et passim]." Plaintiff further claims defendant BURTEN "failed to oversee his people who caused the wrong, such as hiring unqualified people and or failing to adequalty [sic] train the staff and or creating a policy or custom that allowed the wrong."

Plaintiff complains he was illegally seized in January of 2004 "doe to custodeal interagation [sic et passim]" and was placed in the Hutchinson County Jail by defendant

---

[2] Plaintiff provides conflicting dates in the complaints filed in cause nos. 2:04-CV-0151 (July 9, 2003 and October 21, 2003) and 2:04-CV-0102 (September and October of 2003).

BURTEN, who threatened to charge plaintiff with numerous crimes of which plaintiff was ignorant unless plaintiff helped him locate some stolen property. Plaintiff says defendant BURTEN later admitted in a telephone conversation with him to framing plaintiff because he was mad at him. Plaintiff says he received seven wrongful indictments based on defendant BURTEN's false testimony to a grand jury (the BURTEN indictments).

Plaintiff claims that, on October 21, 2003, defendant AKINS, a Borger City patrol officer, "committed official misconduct, negligence and disregard to his dutys as a public servent by failing to exercise reasonable care in allowing the attacks to happen."

By his June 1, 2005 Amended Complaint, plaintiff asserts the same claims against defendant GABRIEL based on the July 9, 2003 incident. This claim was earlier asserted against defendant DELATORRE; however, plaintiff dropped this defendant when he filed his Amended Complaint on June 1, 2005, and defendant DELATORRE was, accordingly, terminated on the docket.

Plaintiff contends the incidents set forth above constitute official misconduct and have caused him great mental anguish. Plaintiff requests compensatory damages in the form of monetary relief, that the Court order a formal investigation of the Borger City Police Department and the Hutchinson County Sheriff's Department, and that criminal charges be brought against the defendants.

## JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings a civil action seeking redress from a governmental entity or officer or employee of a governmental

4

entity, the Court must evaluate the complaint and dismiss it if it is frivolous[3], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915(A).  A *Spears* hearing need not be conducted for every *pro se* complaint[4].  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

**Service**

Initially, the Court notes plaintiff has failed to properly serve any of the defendants, although defendants KING and LIGHT have answered despite this defect.  On April 7, 2005, plaintiff was ordered to serve the defendants within one-hundred twenty days of the Order and was informed of the provisions of Rule 4(m), Federal Rules of Civil Procedure, requiring service within one-hundred twenty days of filing or within a specified time as directed by the Court.

The Federal Rules of Civil Procedure, authorizes service "pursuant to the law of the state in which the district court is located, or in which service is effected , for the service of a summons upon the defendants in an action brought in the courts of the general jurisdiction of the State . . . ." Rule 4(e )(1), F.R.C.P.  As to defendants BURTEN, AKINS, GABRIEL, FIELDS,

---

[3] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[4] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

and HOLLIS, the Court notes that the return of service on each of these defendants shows plaintiff attempted service by certified mail sent directly from himself. The Texas Rules of Civil Procedure allows service by registered or certified mail but provides, "no person who is a party to or interested in the outcome of a suit may serve any process in that suit . . . ." Rule 103, Tex.R.Civ.P. Thus, the record demonstrates plaintiff did not act in strict compliance with the rules governing service of process and, therefore, defendants BURTEN, AKINS, GABRIEL, FIELDS, and HOLLIS were not properly served.

Furthermore, none of defendants BURTEN, AKINS, GABRIEL, FIELDS, and HOLLIS, themselves, signed the return receipt acknowledging delivery of process. There is nothing in the record to indicate that the signators were authorized to accept service for the defendants or that they ever transmitted the served documents to the defendants. Even if the defendants received the complaint and summons, without service, waiver, or citation, mere knowledge of a pending suit does not place any duty on a defendant to act. . *Wilson v. Dunn*, 800 S.W.2d 833, 837 (Tex. 1990) (citing *Harrell v. Mexico Cattle Co.*, 73 Tex. 612, 11 S.W. 863, 865 (1889); *Panhandle Constr. Co. v. Casey,* 66 S.W.2d 705, 707 (Tex.Civ.App.--Amarillo 1933, writ ref'd n.r.e.). Plaintiff has failed to serve the defendants in compliance with the Court's April 7, 2005 Order.

A grant of additional time for plaintiff to cure the defects in his attempted service on the defendants is futile because, as explained below, his claims against the defendants are frivolous, fail to state a claim, and are barred by his inability to fulfill the requirements set forth in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994).

**Analysis of Plaintiff's Claims**

As to plaintiff's claims against defendants HOLLIS and LIGHT, recovery in a civil rights suit requires the showing of two elements by plaintiff: (1) the defendant deprived him of a right secured by the Constitution and laws of the United States; (2) the deprivation was committed under color of law[5], usually by a state official or a private individual in conspiracy with such an official. *Adickes v. Kress*, 398 U.S. 144, 149, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970). Plaintiff has not alleged defendant LIGHT or defendant HOLLIS acted under color of state law or that either or both acted in conspiracy with a state official to deprive plaintiff of a federally-protected right. Plaintiff's claims set forth in this lawsuit make clear that defendant LIGHT and defendant HOLLIS were each a third party citizen and not an official. Consequently, plaintiff has failed to state a claim against defendant LIGHT or defendant HOLLIS on which relief can be granted.

By his August 2, 2004 response to the Court's Briefing Order, plaintiff states on May 26, 2004, he pled guilty in a plea bargain to two of the seven BURTEN indictments, each for forgery of a financial instrument, and that the remaining five indictments were dismissed that same day "for not having any weight." Plaintiff states neither of his convictions has been overturned on appeal, called into question by a successful habeas corpus action, or favorably terminated by executive clemency. Plaintiff also informs the Court that he did not appeal the traffic ticket conviction he claims resulted from perjured testimony by defendant FIELDS.

---

[5]The "color of law" inquiry centers on whether a person who is affiliated with a state government or its political subdivision has used his position to deprive another of his constitutional rights. "[T]he nature of the act performed, not the clothing of the actor or even the status of [the party] . . ., determines whether the officer has acted under color of law." *Colon v. Lomelo*, 575 F.Supp. 664, 667 (S.D.Fla. 1983) (quoting *Johnson v. Hackett*, 284 F.Supp. 933, 937 (E.D. Pa. 1968)). Action taken "under color of" state law is not limited only to that action taken by state officials pursuant to state law. *Monroe v. Pape*, 365 U.S. 167, 185, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961). It encompasses "[m]isuse of power, possessed by virtue of stat law and made possible only because the wrongdoer is clothed with the authority of state law . . . ." *Id*. at 184, 81 S.Ct. at 482.

7

Plaintiff's civil rights claim for monetary damages against defendant FIELDS based on his allegedly perjurious trial testimony is barred by plaintiff's failure to secure a favorable termination of that conviction[6]. *Heck v. Humphrey*[7], 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). Any section 1983 claim which attacks or casts into doubt the constitutionality of a conviction does not accrue until that conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995) (quoting *Heck v. Humphrey*, S.Ct. at 2372). Plaintiff's pleadings clearly demonstrate any judicial determination that defendant FIELDS' testimony was perjured would call into question the constitutionality of his traffic conviction and, therefore, his civil rights claim in this respect lacks an arguable basis in law and is frivolous until the *Heck* conditions have been met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Moreover, even if plaintiff's traffic conviction fell outside *Heck*'s preclusive effect, defendant FIELDS would be absolutely immune to plaintiff's civil rights claim for his testimony in that judicial proceeding, just as any private witness. *Briscoe v. LaHue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). Therefore, any such claims lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

As to defendant BURTEN, plaintiff alleges he was "illegally siezed [sic] due to

---

[6] A "ticketable" traffic offense is a criminal offense in Texas, *see, e.g.*, *State v. Arriaga*, 5 S.W.3d 804 Tex.App.-San Antonio1999); *Barraza v. State,* 733 S.W.2d 379, 380 (Tex.App.-Corpus Christi 1987), *aff'd,* 790 S.W.2d 654 (Tex.Crim.App.1990); and traffic violations are admissible as prior criminal record if found to be relevant at sentencing, *Lopez v. State*, 2000 WL 1231515 (Tex.App.–El Paso 2000).

[7] In *Heck*, the section 1983 complainant sought money damages based upon alleged unlawful acts by law enforcement officials that had led to the plaintiff's arrest and conviction.

8

custodial interogation [sic]" by defendant BURTEN during which he says BURTEN threatened him with an organized crime charge in connection with "numerous burglery's [sic] that [plaintiff] knew nothing about if [plaintiff] didn't agree to help [BURTEN] locate the stolen property." Plaintiff alleges BURTEN gave perjured testimony to a grand jury which resulted in seven indictments being brought against plaintiff. Nevertheless, plaintiff pled guilty to two of those indictments and the others were dismissed. The harm plaintiff claims is that he was detained for four months on excessive bail before he pled guilty to two of the indictments. He also states a libelous and slanderous article was printed in the local newspaper based on defendant BURTEN's testimony to the grand jury, and BURTEN made libelous or slanderous remarks about plaintiff around town.

Plaintiff's claim appears, in part, to be one of false arrest and wrongful imprisonment; however, plaintiff pled guilty to two of the allegedly wrongful indictments and his convictions have not been reversed, invalidated, or expunged. The dismissal of the remaining indictments does not provide an avenue for relief because *Heck* bars recovery on false imprisonment where there is probable cause for any of the charges made. *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995). The same reasoning would apply to plaintiff's false arrest claim. A determination that plaintiff should not have been arrested and jailed would necessarily be based on a finding that he was not guilty of the very offenses to which he pled guilty. Any examination of these claims must wait until plaintiff's convictions have been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995) (quoting *Heck v. Humphrey*, S.Ct. at 2372).

Plaintiff states he has filed a motion to vacate judgment and set aside sentence, but has received no ruling on the motion. Therefore, it is clear, that his civil rights claims in this respect lack an arguable basis in law and are frivolous until the *Heck* conditions have been met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

The amount of plaintiff's bail was a judicial determination, and plaintiff has not alleged any fact showing how defendant BURTEN was responsible for the allegedly excessive amount. As to plaintiff's claims of injury based on the newspaper article and BURTEN's remarks around town, an allegation of an injury solely to a plaintiff's reputation is insufficient to establish liability for civil rights violation under section 1983. *See*, *e.g.*, *Paul v. David*, 424 U.S. 693, 711-12, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976)(interest in reputation alone does not implicate a "liberty" or "property" interest sufficient to invoke due process protection under section 1983); *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994)(same); *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990)(injury to reputation as a result of libel or slander in false prison report does not give rise to section 1983 liability). There is no longer a freestanding section 1983 claim for malicious prosecution in this circuit. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). Plaintiff's convictions were based on his guilty pleas, and he has not alleged any perjury by defendant BURTEN deprived him of a federally protected right to due process in this connection. Consequently, these claims against defendant BURTEN lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff also claims defendant BURTEN "failed to oversee his people who caused the wrong, such as hiring unqualified people and or failing to adequalety [sic] train the staff and or creating a policy or custom that allowed the wrong."  Plaintiff's vague assertions are not adequate to state a claim against BURTEN.  Plaintiff has utterly failed to identify any specific hiring or training practice which he claims was wrongful or allege any fact to show that a hiring practice or training inadequacy resulted in the violation of his federally-protected rights.  To the extent plaintiff attempts to fix liability on BURTEN based on *respondeat superior*, theories of vicarious liability, such as *respondeat superior*, cannot support a cause of action under section 1983.  *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).  By these claims against BURTEN, plaintiff has failed to state a claim on which relief can be granted.

Reading plaintiff's claims against defendants KING, BURTEN, FIELDS, GABRIEL, and AKINS, and ignoring the immaterial discrepancies in the dates alleged for plaintiff's attacks[8], plaintiff's claims against these defendants appear to be based on a perceived failure to perform their official duties to protect citizens from known or suspected dangers of attack, despite knowledge of the threats against plaintiff. The Constitution does not generally require a state to protect its citizens from third party harm.  *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989); *Gonzales v. City of Castle Rock*, ___ U.S. ___, 125 S.Ct. 2796, 162 L.Ed.2d 658 (2005).  Plaintiff's failure to protect claims lack an arguable basis in law and are frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

---

[8] In cause no. 2:04-CV-0102, plaintiff alleges he was attacked by defendant LIGHT in September of 2003 and in October of 2003.  Plaintiff alleges the July 2003 attack was by a Gary Hollis.  In the instant cause, plaintiff alleges he was attacked by defendant LIGHT on July 9, 2003 and on October 21, 2003.

In addition, the determination of whether to bring charges, and the filing of such charges, usually falls under the duties of the prosecutor. Nevertheless, even if any or all of the defendants had the authority to decide whether or not to pursue criminal charges, plaintiff cannot assert a claim against them on this basis because they would be entitled to "prosecutorial immunity for acts constituting an integral part of the judicial process." *Oliver v. Collins*, 904 F.2d 278 (5th Cir. 1990)(inmate claiming county sheriff's failure to press criminal charges against officers involved in alleged assault deprived him of various constitutional rights).

Plaintiff has also argued some or all of the defendants may be liable based on *respondeat superior*; however, theories of vicarious liability, such as *respondeat superior*, cannot support a cause of action under section 1983. *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). By advancing this theory of liability, plaintiff has failed to state a claim on which relief can be granted.

## CONCLUSION

IT IS HEREBY ORDERED:

Plaintiff's claims against defendants BURTEN, AKINS, FIELDS, GABRIEL, and HOLLIS are DISMISSED FOR FAILURE TO SERVE DEFENDANTS PURSUANT TO RULE 4(m), FEDERAL RULES OF CIVIL PROCEDURE and, pursuant to Title 28, United States Code, section 1915A(b)(1), this Civil Rights Complaint is DISMISSED WITH PREJUDICE AS FRIVOLOUS, FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED, AND AS FRIVOLOUS UNTIL THE *HECK* CONDITIONS HAVE BEEN MET. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

LET JUDGMENT BE ENTERED ACCORDINGLY.

The Clerk will mail a copy of this Order to the plaintiff, and to any attorney of record by first class mail. The Clerk will also mail a copy to TDCJ-Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711 and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this  27th  day of March, 2006.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE